IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHLEEN HOLTZ,

                Plaintiff,                  OPINION AND ORDER

     v.                             07-C-0314-C

MICHAEL ASTRUE,
Commissioner of Social Security,

                Defendant.

---

On November 8, 2007, this court remanded this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), on the ground that the commissioner's determination that plaintiff was not disabled was not supported by substantial evidence. Specifically, I found that the administrative law judge had failed to develop the record sufficiently to ensure that the vocational expert had an adequate foundation for her estimates of the number of jobs plaintiff could perform.  Now before the court is plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.  Plaintiff is seeking fees and costs in the amount of $8,553.91, which represents 53.7 hours at the rate of $159.29 an hour.  Defendant disputes both the amount of the fees and costs sought and the characterization of his position as unjustified.  Because I find that

defendant's position was unjustified, I will grant the petition for an award of fees and costs. However, I agree with defendant that the fee should be reduced to reflect time that was spent unreasonably on clerical tasks, motions for extension and irrelevant issues. Accordingly, I am reducing the fee award to $7,088.44 to reflect what I conclude is a reasonable fee.

FACTS

The relevant facts are set forth in the opinion and order of November 8, 2007.  To recap, plaintiff challenged the reliability of the testimony of Kathleen Harris, the vocational expert who testified at the administrative hearing and whose testimony was critical to the administrative law judge's determination that plaintiff was not disabled.  Plaintiff's challenge rested on a number of arguments, one of which was that Harris had failed to provide an adequate foundation for her testimony regarding the number of jobs available statewide that an individual with plaintiff's limitations could perform.  I agreed, finding that Harris had not adequately explained the method she had used to reduce the number of cashier, electronics worker and hand packager jobs available statewide to reflect those that could be performed at the sedentary level.   I rejected defendant's contention that Harris's experience as a vocational specialist was sufficient to establish that her estimates were reliable, finding that Harris's experience "does not explain her math."  Op. and Order, Nov. 8, 2007, dkt. #20,

2

at 11.  I also disagreed with defendant's contention that under <u>McKinnie v. Barnhart</u>, 368 F.3d 907, 911 (7th Cir. 2004), plaintiff had forefeited the opportunity to challenge Harris's testimony by failing to ask Harris to supplement the record with documentation to which she referred during her testimony.  I found that in <u>McKinnie</u>,

> the court did not remand the case on the narrow ground that the plaintiff requested and was denied information that she claimed was necessary for proper adjudication of her case, as defendant suggests.  Rather, the court remanded the case because "the [administrative law judge] did not inquire into the reliability of [the vocational expert's] conclusions as he was required to do."

Op. and Order, Nov. 8, 2007, dkt. #20, at 11 (quoting <u>McKinnie</u>, 368 F.3d at 911).

# OPINION

## A.  Entitlement to Attorney Fees

Under the substantially justified standard, a party who succeeds against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.' " <u>Young v. Sullivan</u>, 972 F.2d 830, 835 (7th Cir. 1992) (quoting <u>Pierce v. Underwood</u>, 487 U.S. 552, 566 n.2 (1988)).  To satisfy the substantial justification standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced.  <u>United</u>

States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000).  Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994).  The government carries the burden of proving that its position was substantially justified.  Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).  The commissioner can meet her burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action.  Pierce, 487 U.S. at 565.

The commissioner's position was not substantially justified.  In Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002), the court of appeals explained that because a vocational expert is free to give a "bottom line," the administrative law judge is entitled to accept the vocational expert's conclusion if no one questions that conclusion at the hearing.  (Social Security Ruling 00-4p, promulgated after Donahue's hearing, explains to administrative law judges that they bear the burden of ensuring that the vocational expert's testimony is reliable, at least when the vocational expert provides evidence about the requirements of a job or occupation that appears to conflict with the *Dictionary of Occupational Titles*.)  The court admonished, however, that "if the basis of the vocational expert's conclusions *is* questioned at the hearing . . . then the ALJ should make an inquiry (similar though not necessarily identical to that of Rule 702) to find out whether the purported expert's

4

conclusions are reliable." Id. See also McKinnie v. Barnhart, 368 F.3d 907, 911 (7th Cir. 2004) (quoting Donahue with approval).

In this case, plaintiff did not allow the expert's testimony to go unchallenged. Instead, she asked Harris to explain the basis for her estimates of the subclass of light jobs in each occupational category that could actually be performed at the sedentary level. Harris offered little explanation apart from her "placement experience." An expert's experience alone may sometimes provide a basis for a finding that his or her testimony is reliable, e.g., United States v. Conn, 297 F.3d 548, 556 (7th Cir. 2002) (observing that the Advisory Committee notes to Rule 702 specifically provide that "[i]n certain fields, experience is the predominant, if not the sole, basis for a great deal of reliable expert testimony"), but the commissioner had no rational basis for contending that this was such a case. Harris's experience in her field was sufficient to support her testimony that cashier, electronics worker and hand packager jobs existed in the state that could be performed at a lower level of exertion than called for in the *Dictionary of Occupational Titles*, but it was not sufficient to support her conclusion about how many such jobs existed. That conclusion required an additional empirical link that Harris failed to provide. United States v. Mamah, 332 F.3d 475, 478 (7th Cir. 2003) (for expert's testimony to be reliable, there must "be a link between the facts or data the expert has worked with and the conclusion the expert's testimony is intended to support"); McKinnie, 368 F.3d at 911 (remanding where vocational

expert did not substantiate figures with written report or other documentation and gave only vague responses to plaintiff's questioning).

Defendant's backup position, that plaintiff forfeited her right to challenge Harris's testimony when she did not ask Harris to produce the documentation that she said was in her previous clients' files, was also unreasonable. As an initial matter, it is unclear from Harris's testimony whether the "documentation" to which she referred would substantiate her figures or whether it would merely provide support for her conclusion that *some* sedentary jobs in each job category existed. In any case, nothing in <u>McKinnie</u> supports defendant's contention that it is the plaintiff's obligation to demand supporting data from a vocational expert. The court held only that a claimant who *does* request supporting documentation from a vocational expert should not have to pay for the preparation of those materials; it did not hold that a claimant who fails to request supporting documentation forfeits her right to challenge the reliability of the vocational expert's conclusions. To the contrary, the court reiterated its position that the administrative law judge bears the burden of establishing the reliability of the expert's conclusions when, as in this case, the expert's conclusions are questioned at the hearing. <u>Id</u>. (citing <u>Donahue</u>, 279 F.3d at 446). In light of this clearly established law, neither the conduct of the agency at the administrative level nor the position of the government on appeal was substantially justified.

B.  Reasonableness of Fees

In <u>INS v. Jean</u>, 496 U.S. 154 (1990), the Supreme Court held that the district court's task of determining what fee is reasonable under the Equal Access to Justice Act is essentially the same as that described in <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).  <u>Jean</u>, 496 U.S. at 161.  Under <u>Hensley</u>, the starting point for determining a reasonable fee is to multiply the number of hours reasonably expended by a reasonable hourly rate.  <u>Hensley</u>, 461 U.S. at 433.  The court should exclude from this initial fee calculation hours that were not "reasonably expended," such as those that are excessive, redundant or otherwise unnecessary, considering factors such as the novelty and difficulty of the questions, the skill required to perform the legal service properly, the customary fee and other factors.  <u>Id</u>. at 434 n.9. Whether the hours would be properly billed to a client guides the inquiry.  <u>Id</u>. at 434.

For work performed in connection with the merits phase of this case, plaintiff requests compensation in the amount of $7,470.74.  This amount represents 46.9 hours spent by her attorney, Dana Duncan, at the hourly rate of $159.29.  Defendant raises two objections to plaintiff's fee petition.  First, he asserts generally that Duncan spent too much time on the case.  Second, he asks the court to excise those entries that reflect time that Duncan spent performing clerical tasks and for preparing motions for extensions.

I address this second contention first.  I agree with defendant that a reduction is warranted for time spent by Duncan performing clerical tasks.  <u>Spegon v. Catholic Bishop</u>

7

of Chicago, 175 F.3d 544, 553 (7th Cir. 1999) (court should disallow time spent on what are essentially "clerical" or secretarial tasks). Although defendant has not identified precisely which entries on the time log he believes fall into this category, I presume that he is referring to the following:

- 0.3 hours on June 8, 2007 for "preparation of correspondence to Clerk filing action, edit;"

- 0.5 hours on June 18, 2007 for "preparation of service to US Attorney, Attorney General and Commissioner;"

- 0.3 hours on June 25, 2007 for "letter to clerk with forma pauperis; cc to client;" and

- 0.3 hours on July 23, 2007 for "preparation of correspondence to clerk filing the certificate of service."

I agree that these were simple administrative tasks that could have been performed by a secretary.

I further agree that Duncan should not be compensated for 0.9 hours he spent drafting motions for extensions of his briefing deadlines. Duncan has not pointed to any circumstances particular to this case that might show that the extensions he sought were necessary. That he may be an extremely busy lawyer juggling hundreds of cases at once does not make it reasonable for him to ask the government to pick up the cost of such motions.

The last issue is whether the time remaining, 44.6 hours, was a reasonable amount for Duncan to have spent on this case. Duncan's time can be broken down roughly as

8

follows:  5.6 hours reviewing the administrative record; 24.9 hours researching, drafting and

editing the initial brief; 8.6 hours researching, drafting and editing the reply brief; 2.4 hours

preparing the fee petition; and 3.1 hours for miscellaneous other tasks, including reviewing

court orders, corresponding with plaintiff and her former attorney and drafting a motion for

a stay in the proceedings.   As a general observation, 45 hours is well within the range of

what has been found reasonable in other social security cases before this court. See, e.g.,

Seamon v. Barnhart, 05-C-0013-C, Op. and Order, Feb. 23, 2006 (combined 50 hours on

initial brief and reply brief not unreasonable); Nickola v. Barnhart, 03-C-622-C, Op. and

Order, November 26, 2004 (roughly 60 hours of combined law clerk and attorney time spent

producing plaintiff's briefs not excessive); Cloute v. Barnhart, 03-C-737-C, Order, Sept. 24,

2004 (awarding fees for 48.70 hours); Groskreutz v. Barnhart, 02-C-0454-C, Op. and Order

Feb. 28, 2005 (34.5 hours for work in district court not excessive); Kleinhans v. Barnhart,

99-C-328-C, Op. and Order, Apr. 25, 2002 (awarding fees for 70 hours, including post-

remand work).  Having reviewed each time entry individually, I find that the only matter on

which Duncan spent an unreasonable amount of time was drafting the facts in the initial

brief.  Eight pages of the facts were a summary of plaintiff's medical records.  These records

were irrelevant because plaintiff did not challenge any of the administrative law judge's

medical findings.  She challenged only his vocational conclusion at step five of the sequential

evaluation process, a conclusion that depended solely on the adequacy of the vocational

9

expert's testimony.  Therefore, it was unnecessary for plaintiff to set out the medical evidence in detail, if at all.

I am unable to ascertain precisely how much time Duncan devoted to this task.  The time log contains two relevant "omnibus" entries:  August 30, 2007, showing that Duncan spent 1.6 hours reviewing the transcript and medical records and outlining the facts, and August 31, 2007, showing that Duncan spent 5.3 hours reviewing the administrative law judge's decision and drafting the facts.  I will assume that at least 75% of this time was spent drafting the facts.  Accordingly, I will deduct 6.9 hours from the fee request.

I decline to reduce the fee award on the ground that plaintiff did not succeed on all of the arguments that she raised.  None of plaintiff's arguments were patently frivolous and all were related to her claim that the vocational expert's testimony was not reliable. Plaintiff's arguments all revolved around the same facts and she ultimately succeeded in obtaining a remand.  Compare Prochaska v. Barnhart, 04-C-644-C, Op. and Order, Jan. 29, 2007 at 18-19 (declining to award plaintiff fees related to unsuccessful arguments that were "factually and legally distinct" from claim on which plaintiff obtained remand).  Under these circumstances, no further reduction is warranted.  Hensley, 461 U.S. at 435, 440.

Finally, plaintiff seeks $1,083.17 for 6.8 hours of work expended by Duncan on plaintiff's brief in defense of her fee petition.  Although the brief is somewhat duplicative of

the initial fee petition, 6.8 hours is not unreasonable.  The brief was 21 pages in length and presented a well-argued response to defendant's opposition.

Adding the amount requested for work on the fee petition to the $6,005.23  found to have been reasonably incurred on the merits litigation leads to a total fee award of $7,088.40.

ORDER

IT IS ORDERED that the petition of plaintiff for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED IN PART AND DENIED IN PART.  Plaintiff is awarded fees in the amount of $7,088.40.  That amount is to be made payable to plaintiff's attorney, Dana Duncan, contingent upon counsel's production of an assignment of fee agreement executed by plaintiff.

Entered this 14th day of April, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11